# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

STEVEN SOIFERMAN,

     Plaintiff,

v.

A&R HOME CARE, LLC et al.,

     Defendants.

Case No. 2:25-cv-00861-GMN-NJK

**Order**

[Docket No. 17]

Pending before the Court is a proposed discovery plan and scheduling order, submitted by some of the parties, without the participation or agreement of Defendant A&R Home Care, LLC. Docket No. 17.

The discovery process is meant to be a cooperative endeavor, *see Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015), and is subject to an overriding limitation of good faith, *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981). Those same requirements apply to the creation and submission of a joint discovery plan. *See* Local Rule 26-1(a). Parties are expected to comply with the Local Rules and **cooperate** with one another to create and submit a joint discovery plan and scheduling order.

Local Rule 26-1(a) states:

> Fourteen days after the mandatory Fed. R. Civ. P. 26(f) conference, the parties must submit a stipulated discovery plan and scheduling order. The plan must be formatted to permit the plan, once the court approves it, to become the scheduling order required by Fed. R. Civ. P. 16(b). If the plan sets deadlines within those specified in LR 26-1(b), the plan must state on its face in bold type, "SUBMITTED IN COMPLIANCE WITH LR 26-1(b)." If longer deadlines are proposed, the plan must state on its face "SPECIAL SCHEDULING REVIEW REQUESTED." Plans requesting special scheduling review must include, in addition to the information required by Fed. R. Civ. P. 26(f) and LR 26-1(b), a statement of the reasons why longer or different time periods should apply to the case or, in cases in which the parties disagree on the form or contents of the discovery plan, a statement of each party's position on each point in dispute.

1

1    The instant filing does not adhere to the requirement that the discovery plan be filed jointly.

2    Docket No. 17.  Counsel for Defendant A&R Home Care, LLC has failed to participate in the Rule

3    26(f) scheduling conference and has further failed to join in the submission of the instant filing.

4    *See id.* at 2, 3, 7.  The proposed discovery plan and scheduling order also fails to state on its face,

5    "SPECIAL SCHEDULING REVIEW REQUESTED" and to provide a sufficient statement of

6    reasons why longer time periods from those provided in LR 26-1(b) should apply to this case.

7    Docket No. 17.

8    Additionally, Local Rule 26-1(b)(10) requires that all discovery plans "must include on the

9    last page of the plan the words 'IT IS SO ORDERED' with a date and signature block for the judge

10   in the manner set forth in LR IA 6-2."  The proposed discovery plan and scheduling order fails to

11   adhere to this local rule as well.  *See* Docket No. 17 at 7.

12   The parties are instructed to adhere to the Federal Rules of Civil Procedure and the Local

13   Rules in all filings with the Court.  Sanctions may be imposed for failure to comply with the Local

14   Rules or any order of this court.  *See* Local Rule IA 11-8.

15   All parties, including Defendant A&R Home Care, LLC, must engage in a Rule 26(f)

16   scheduling conference, no later than September 5, 2025.  A joint discovery plan must be filed by

17   September 9, 2025.  Accordingly, the instant filing is DENIED without prejudice.  Docket No. 17.

18   Failure to comply with this order may result in sanctions.

19   IT IS SO ORDERED.

20   Dated: September 2, 2025

21

22   _____
     Nancy J. Koppe
     United States Magistrate Judge

23

24

25

26

27

28